UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEROME BARBOZA, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Civil Action No. 20-cv-11137-WGY |
| UNITED STATES DEPARTMENT OF | * | |
| JUSTICE, FEDERAL BUREAU OF | * | |
| PRISONS, | * | |
| | * | |
| Respondent. | | |

ORDER OF TRANSFER

January 11, 2021

YOUNG, D.J.

Now before the Court is a document entitled "Petition for a Writ of Habeas Corpus" filed

by federal prisoner Jerome Barboza, who incarcerated at Victorville USP in Victorville,

California.  In this document, Barboza represents his federal sentence has been completed and

that he should be released.  He states that the sentence in question was imposed by this Court.

See United States v. Barboza, Crim. No. 08-cr-10140-MLW.[1]  Barboza did not pay the $5.00 fee

to file a habeas petition or file a motion for leave to proceed in forma pauperis.

Under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for a writ

of habeas corpus brought a petitioner who is within the court's jurisdiction at the time the

petition is filed.  See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004)

("District courts are limited to granting habeas relief 'within their respective jurisdictions.'"

---

[1] The present petition appears to be prompted by a May 29, 2020 order in Vincent's criminal case.  Vincent had sent a letter to the sentencing court, claiming that he had completed his federal sentence.  (ECF No. 54).  In response to that letter, the sentencing court ordered: "[I]f [Vincent] wishes to assert that he is being held in custody in violation of the laws of the United States, he shall file a petition for Habeas Corpus pursuant to 28 U.S.C. §2241."  (ECF No. 55).

(quoting 28 U.S.C. § 2241(a)); see also id. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

Because Barboza is not confined within the territorial jurisdiction of the District of Massachusetts, the Court cannot entertain his petition for a writ of habeas corpus.  However, the Court has authority to transfer the action to the federal district court in the district of Barboza's confinement.  See 28 U.S.C. § 1404(a).

Accordingly, this Court hereby orders that this action be TRANSFERRED to the United States District Court for the Central District of California.

**SO ORDERED.**

/s/ William G. Young
William G. Young
United States District Judge


Dated:  1/11/2021